**AFFIRMED; Opinion Filed May 16, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00463-CV

**MICHAEL KRASNICKI, Appellant**
**V.**
**TACTICAL ENTERTAINMENT, LLC, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-03246-2017**

## OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellee Tactical Entertainment, LCC filed a petition against appellant Michael Krasnicki alleging claims for fraudulent inducement, deceptive trade practices, and negligent misrepresentation. Krasnicki filed a motion to dismiss pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE §§27.001–.011 (the "TCPA"). Krasnicki asserts that the trial court erred in denying the motion to dismiss. We affirm the trial court's denial of the motion to dismiss.

### BACKGROUND

Tactical created an application for smart phones, "The Art of Combat," which is a game that uses players' GPS-determined locations in order for them to launch "attacks" against each other. In August 2015, Tactical entered into a Master Consulting Agreement ("MCA") with

Krasamo, Inc. in order to create a Statement of Work ("SOW"). The purpose of this SOW was to establish parameters for software developers to create a software application for the game (the "initial SOW"). The initial SOW was prepared for various software developers to bid on the project.[1] However, Tactical later decided to hire Krasamo, instead of a third party, to do the actual development work on the project. George Carter, the manager and principal of Tactical, testified in his affidavit that he engaged Krasamo "to develop the Project made the basis of this lawsuit in large part because of their idea for using two separate servers. My understanding was, and still is, that the Project would use two separate physical servers to perform two different functions: one to handle all account data, and another to relay in-game activity in real time." Thus, the parties entered into another Statement of Work on April 14, 2016 ("SOW A"). SOW A provided that the scope of the project was to develop an app and server back-end for "The Art of Combat." SOW A contained a provision stating that the project would utilize "two servers that provide different types of API's" and that the relay server would handle all of the real time communications required to play the game and the account server would handle user account information, archive scores, and other functions in the "two-server architecture."

Tactical and Krasamo later entered into three additional SOWs—SOW B, SOW C, and SOW D. SOW B addressed the "missing features and defects resulting from work done by Krasamo" on SOW A. The fifth item on the SOW B checklist specifically describes the two-server feature: "Krasamo will deploy both the account and game servers to a Google Cloud Engine server chosen by Tactical Entertainment LLC. Two instances of these servers will be provided – QA and Production." Both SOW C and SOW D were signed in 2016 and provided additional hours for Krasamo to address problems and make improvements in the project.

---

[1] Both parties refer to the initial SOW in their pleadings but a copy of this document was not located in the record.

In 2017, Tactical filed a lawsuit against Krasamo and later amended its petition to include claims against Krasnicki.[2] In its petition, Tactical alleged as follows:

> At some point during its work under SOW A, Defendant Krasamo made the conscious decision to deviate from the two-server architecture. Instead of using an account server and a relay server, Defendant Krasamo developed the Project to utilize just *one* server. This fact was never communicated to Plaintiff's representatives, including Mr. Carter. Making matters worse, Plaintiff repeatedly asked direct questions about the two-server architecture to both representatives of Defendant Krasamo *and* Defendant Krasnicki, individually, such as "Is this being handled by the account server or the relay server?" and "When does this get handed off to the relay server?" Such questions clearly implied that Plaintiff believed that there were two different servers performing two different functions.

> Yet at no time did Defendant Krasnicki or representatives of Defendant Krasamo inform Mr. Carter or other representatives of Plaintiff that they were indeed not using a two-server architecture despite knowing that said architecture was material to Plaintiff's continued support of the project. If they had revealed the derivation [sic] from the promised server architecture, the Plaintiff would not have agreed to go forward signing all the Agreements and subsequent SOW's.

Krasnicki filed a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. Following a hearing, the trial court denied the motion to dismiss. Krasnicki then filed this accelerated appeal.

## ANALYSIS

In four sub-issues, Krasnicki argues that the trial court erred in denying his motion to dismiss. Krasnicki first argues that Tactical's lawsuit against him is based on or related to his exercise of free speech or association. Krasnicki next argues that the commercial speech exception does not apply. Krasnicki then argues that Tactical did not show by clear and specific evidence a prima facie case for each essential element of its claims against him. Finally, Krasnicki alleges that he proved, by a preponderance of the evidence, each essential element of a valid defense to Tactical's DTPA claim.

---

[2] Tactical's claims against Krasamo are not a subject of this appeal.

## A.    Texas Citizens Participation Act

Chapter 27 of the Texas Civil Practice & Remedies Code, also known as the TCPA, is an anti-SLAPP statute.  *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011; *Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.).  "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."  *Serafine*, 466 S.W.3d at 356.  The TCPA provides a procedure for expeditiously dismissing a non-meritorious legal action that is based on, relates to, or is in response to the party's exercise of the right of free speech, which is defined as a communication made in connection with a matter of public concern.  *See Hersh v. Tatum,* 526 S.W.3d 462, 463 (Tex. 2017).  In other words, the TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits.  *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding).

## B.    Standard of Review

To obtain a dismissal under the TCPA, a defendant must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association."  *See* CIV. PRAC. & REM. § 27.005(b).  We review this determination de novo.  *See James v. Calkins,* 446 S.W.3d 135, 146 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).  In conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting or opposing affidavits stating the facts on which the claim or defense is based.  *See Dyer v. Medoc Health Servs., LLC*, No. 05-18-00472-CV, 2019 WL 1090733, at *3 (Tex. App.—Dallas Mar. 8, 2019, pet. filed); CIV. PRAC. & REM. § 27.006(a).  The burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each element of the claim in question.  *See* CIV. PRAC. & REM. § 27.005(c).  The statute does not define "clear and specific evidence," but the phrase has been interpreted to impose more than "mere notice pleading."  *In re*

*Lipsky*, 460 S.W.3d at 590–91. If the non-movant fails to meet this burden, the trial court must dismiss the action. CIV. PRAC. & REM. § 27.005(b). However, even when the non-movant satisfies the second step, the court will dismiss the action if the defendant "establishes by a preponderance of the evidence each essential element of a valid defense" to the plaintiff's claim. *Id.* § 27.005(d).

Issues of statutory construction are also reviewed de novo. *ExxonMobil Pipeline Co. v. Coleman,* 512 S.W.3d 895, 899 (Tex. 2017). In regard to the application of this standard to the TCPA, the supreme court has instructed as follows:

> Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain meaning. If that language is unambiguous, we interpret the statute according to its plain meaning. We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. We are also mindful that the Legislature has directed us to construe [the TCPA] "liberally to effectuate its purpose and intent fully."

*Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) (internal citations omitted).

## C.     Does the TCPA Apply to Tactical's Legal Action?

Krasnicki alleges that Tactical's legal action against him was based on, related to, or in response to his exercise of the right of association and free speech in contravention of the TCPA. In order for a movant to invoke the TCPA, there must first be a communication. *See* CIV. PRAC. & REM. §§ 27.001(2), (3) (both the right of association and the right of free speech are defined in the TCPA to include a communication). Krasnicki points to three "communications" that he alleges form the basis of Tactical's claims: (1) communications by Krasnicki regarding the two-server architecture made during the initial consulting services ("first communication"); (2) communications among Krasnicki and Krasamo and its employees regarding a decision to abandon the two-server architecture ("second communication"); and (3) certain "communicative conduct" involving an alleged intentional silence about an abandoned two-server architecture ("third

communication"). In response, Tactical notes that neither the first nor the second communication is relevant to the claims being asserted against Krasnicki. Tactical clearly alleges in its petition that the sole basis of the lawsuit against Krasnicki stems from his failure to communicate during the developmental phase of the project:

> Defendants made the decision to abandon the two-server architecture sometime prior to the execution of the SOW B. Despite this massive derivation [sic] from a critical part of the Agreement, neither representatives from Defendant Krasamo nor Defendant Krasnicki himself ever informed Plaintiff of this. Indeed, throughout the Project, Plaintiff repeatedly asked direct questions about the two-server architecture to both representatives of Defendant Krasamo *and* Defendant Krasnicki individually, such as "Is this being handled by the account server or the relay server?" and "When does this get handed off to the relay server?" Such questions clearly implied that Plaintiff believed that there were two different servers performing two different functions, yet Defendants had abandoned any plans to use such a two-server architecture.

*See also Hersh*, 526 S.W.3d at 467 ("Indeed, it would be impossible to determine the basis of a legal action, and the applicability of the [TCPA], *without* considering the plaintiff's petition . . . . The basis of a legal action is not determined by the plaintiff's admissions or denials but by the plaintiff's allegations."). We agree with Tactical that its allegations against Krasnicki do not encompass the first or second communication. Accordingly, we limit our analysis to the third communication.

As an initial matter, we note that a "communication" under the TCPA includes "the making or submitting of a statement or document in any form or medium, including oral, written, audiovisual, or electronic." CIV. PRAC. & REM. § 27.001(1). Here, however, Tactical did not allege any oral, written, audiovisual, or electronic communications in its claims against Krasnicki. The basis of Tactical's claims against Krasnicki rests solely on its assertion that Krasnicki failed to communicate with Tactical. Accordingly, Tactical argues that its claims against Krasnicki cannot be subject to the TCPA because there is no communication, as that term is defined by the TCPA, at issue in this case. In response, Krasnicki argues that the TCPA broadly defines

communications to be "in any form or medium" and communications are not confined or constrained under the TCPA and could include silence.

Although we recognize that the Legislature has instructed us to liberally construe the TCPA to effectuate its purpose, we do not agree with Krasnicki's interpretation. First, we note that the term "communication" involves the *making* or *submitting* of a statement or document in any form or medium. CIV. PRAC. & REM. § 27.001(1). The definition of "communication" makes no reference to the withholding of a statement or document. In fact,

> [t]he overarching principle of interpretation with the TCPA (or any statute) commands that we go no further to understand the Act than the plain meaning of the words it uses:

> "Our objective in construing a statute is to give effect to the [*l*]egislature's intent, which requires us to first look to the statute's plain language." If the statute's language is unambiguous, "we interpret the statute according to its plain meaning." Additionally, "[w]e presume [that] the [*l*]egislature included each word in the statute for a purpose and that words not included were purposefully omitted."

*See Kawcak v. Antero Res. Corp.*, No. 02-18-00301-CV, 2019 WL 761480, at *6 (Tex. App.—Fort Worth Feb. 21, 2019, pet. denied) (quoting *ExxonMobil Pipeline Co.*, 512 S.W.3d at 899). "A court may not judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written." *See Lippincott*, 462 S.W.3d at 508. In this case, the TCPA, as written, does not include the withholding of a statement or document as a "communication." Our sister court has similarly refused to extend the definition of "communication" to non-communications. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018, pet. denied) (plaintiff's claims did not include allegations against defendant that involved disclosure of information by statement or document and were not subject to dismissal pursuant to the TCPA). Krasnicki himself cites no case law in support of his assertion that "communications" under the TCPA could include silence. Further, construing the definition of "communications" to include non-communications would lead to an absurd result as

nothing would be outside the scope of the TCPA. Such an expansion contradicts the TCPA's stated purpose of summarily disposing of only those lawsuits designed to chill First Amendment rights. The TCPA was not meant to take the place of a no-evidence summary judgment motion and we decline to extend its reach beyond its statutory grasp. For all these reasons, we find Krasnicki's argument unpersuasive and conclude that he failed to establish by a preponderance of the evidence that Tactical's claims were subject to the TCPA. Accordingly, we overrule the first sub-issue.

## CONCLUSION

As Krasnicki failed to satisfy his burden of establishing by a preponderance of the evidence that the TCPA applies to Tactical's claims, the trial court did not err in denying the motion to dismiss. Based on our resolution of this first sub-issue, we need not address Krasnicki's remaining sub-issues. We resolve Krasnicki's first sub-issue against him and affirm the trial court's order denying his motion to dismiss.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180463F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL KRASNICKI, Appellant

No. 05-18-00463-CV        V.

TACTICAL ENTERTAINMENT, LLC,
Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-03246-2017.
Opinion delivered by Justice Partida-
Kipness. Justices Bridges and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TACTICAL ENTERTAINMENT, LLC recover its costs
of this appeal from appellant MICHAEL KRASNICKI.

Judgment entered this 16th day of May, 2019.